## KARCH v. KIPP.

(Supreme Court, Appellate Term. November 10, 1904.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—ASSUMPTION OF RISK.

Where, in the course of plaintiff's employment by defendant, he unnecessarily walked over the platform of a wagon elevator and was injured through no defect in the elevator or its mechanism, nor through any ignorance of the conditions under which the elevator was used, he assumed the risk of such injury.

2. SAME—FELLOW SERVANTS.

Where plaintiff, in the course of his employment by defendant, was injured by the starting of an elevator by another servant, the latter's negligence, if any, was that of a fellow servant, for which defendant was not liable.

Appeal from City Court of New York.

Action by Christian Karch against Rathburn Kipp. From an order of the City Court setting aside a verdict in favor of plaintiff and ordering a new trial, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Ira Leo Bamberger and Abraham Oberstein, for appellant.
Charles C. Nadal and William D. Stiger, for respondent.

PER CURIAM. The evidence clearly showed that the plaintiff, in the course of his employment by the defendant, unnecessarily walked over the platform of a wagon elevator while another employé was in the act of starting the elevator to go up. It was

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 654.

through no defect in the elevator or its mechanism that the plaintiff was hurt, nor was it through any ignorance of the conditions under which the elevator was used. Plaintiff voluntarily assumed the risk of walking over it, and, if there was any negligence, it was the negligence of a fellow servant. The verdict of the jury holding defendant liable for negligence was contrary to the evidence, and was properly set aside by the court below.

The order should be affirmed, with costs and disbursements.